MARTIN LAW GROUP
Agnes Martin (SBN 217074)
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: 800-910-4859
Facsimile: 800-910-4859
agnes@martinlawgrp.com

Attorney for Plaintiff
DEBORAH CANTER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH CANTER,<br><br>             Plaintiff,<br><br>      vs.<br><br>WELLS FARGO DEALER<br>SERVICES, INC.; and DOES 1 to 10,<br>inclusive,<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]<br>2.  VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227] |

## **COMPLAINT FOR DAMAGES**
## **INTRODUCTION**

1.      Deborah Canter (Plaintiff) brings this action to secure redress from Wells Fargo Dealer Services, Inc. (Defendant) for violations of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788 (RFDCPA) and the Telephone Consumer Protection Act, 47 U.S.C.  § 227 (TCPA).  The RFDCPA

prohibits false or deceptive practices in connection with the collection of debts. The TCPA is a federal statute enacted in 1991 that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission (FCC).

## JURISDICTION AND VENUE

2.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's TCPA claims arise under the laws of the United States.  Further, jurisdiction in this Court is proper for Plaintiff's RFDCPA claims under 28 U.S.C. § 1367(a)  as Plaintiff's RFDCPA claims are so related to Plaintiff's TCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.     Deborah Canter (Plaintiff) is an individual, residing in Los Angeles County, California 90048.  Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person and thus Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

5.     Wells Fargo Dealer Services, Inc. (Defendant) is a company with its principal place of business located at 420 Montgomery Street, San Francisco, CA 94104.  Upon information and belief, Defendant has retail locations within the State of California.

6.     Upon information and belief, in the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and,

COMPLAINT FOR DAMAGES

as such, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c).  Upon information and belief, Defendant regularly engages in the collection of debt by telephone in several states including, California.

7.      The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

8.      Within one year prior to the filing of this action, Defendant contacted Plaintiff in the attempted to collect a debt.  The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).  .

9.      The alleged debt consisted of money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and as such, qualifies as "consumer debt," as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(f).

10.      At all time relevant to this action, Defendant contacted Plaintiff for the purposes of collecting the alleged debt.

11.      Within one year prior to the filing of this action, Defendant called Plaintiff repeatedly, constantly and continuously for the purpose of collecting the alleged debt.  Defendant called Plaintiff on her mobile telephone number  310-818-9045.  Defendant called Plaintiff on her work number 310-278-4200 .  At all times relevant to this action, Defendant owned, operated and/or controlled telephone number 818-313-7768.  At all times relevant to this action, Defendant

COMPLAINT FOR DAMAGES

called Plaintiff from, but not limited to the forgoing telephone numbers for the purpose of collecting the alleged debt.

12.     Upon information and belief, at all times relevant to this action, Defendant owned, operated and/or controlled telephone number 818-313-7768. Upon information and belief, at all times relevant to this action, Defendant contacted Plaintiff from, but not limited to, telephone number 818-313-7768 for the purpose of collecting the alleged debt.

13.     Within one year prior to the filing of this action, Defendant repeatedly and continuously called Plaintiff at Plaintiff's work telephone number 310-278-4200 and at Plaintiff's cellular telephone number 310-818-9045 for the purpose of collecting the alleged debt.

14.     Within one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and threatened to take legal action against Plaintiff if Plaintiff failed to pay the alleged debt.  Upon information and belief, at the time Defendant threatened to take legal action against Plaintiff it did not actually intend to take legal action against Plaintiff.

15.     On or about March 2014, Defendant contacted Plaintiff for the purpose of collecting the alleged debt.  On or about March 31, 2014, Defendant contacted Plaintiff on her work number and her cellular phone repeatedly for the purpose of collecting the alleged debt.  Plaintiff explained to Defendant's representative that she was not liable on the debt and was not in possession of the security interest on the debt.  Instead, her father was the debtor on the alleged debt.  She also informed Defendant that her father was undergoing chemotherapy and was a cancer patient in the hospital.  Despite Plaintiff's requests and demands to stop calling her at work and on her cellular phone, Defendant doubled its efforts and called her up to ten times a day using auto-dialed calls.  As an example, Defendant contacted Plaintiff ten times on April 8, 2014 despite her demands to stop calling her.  Defendant said it was going to start formal

proceedings against Plaintiff for breach of contract.  Upon information and belief, at the time Defendant threatened to take legal action against Plaintiff it did not actually intend to take legal action against Plaintiff.   Upon information and belief, Defendant's threat to take legal action against Plaintiff was a false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of alleged debt was made.

18.     Upon information and belief, as of the date of the filing of this action, Defendant has never filed a civil action against Plaintiff arising from or relating to the alleged debt.

19.     On or about March 31, 2014, Defendant used obscene, profane and abusive language while attempting to collect the allege debt from the client.  On or about March 31, 2014, Plaintiff spoke with Defendant.  Defendant indentified identified herself as "Ms. Garcia."  "Ms. Garcia" was extremely rude to Plaintiff. "Ms. Garcia" harassed Plaintiff for not paying the alleged debt.  "Ms. Garcia" made Plaintiff feel extremely uncomfortable and caused Plaintiff to suffer great stress.

20.     During the time period between March 31, 2014 and April 8, 2014, Defendant's representatives confirmed with Plaintiff that they knew Plaintiff was not a co-signer on her father's vehicle loan.  Defendant told Plaintiff that if she did not pay the alleged debt with Defendant, that Defendant would repossess Plaintiff's father's vehicle while he was receiving chemotherapy in the hospital. Upon information and belief, Defendant does not have the legal ability to demand payment from a non-debtor on the loan.  Upon information and belief, Defendant's statements that it could demand payment from a non-debtor in order to satisfy the alleged debt were false.

21. During the time period of March 31, 2014 to April 8, 2014, Defendant demanded payment from Plaintiff on the alleged debt despite knowing she was not a debtor on the account.  Defendant also demanded to speak with Plaintiff's

COMPLAINT FOR DAMAGES

father although Plaintiff had explained that he was in the VA hospital receiving chemo therapy for his cancer treatment.  Defendant continuously demanded to speak to Plaintiff's father and Plaintiff said to Defendant:  "This is my work place, this is a surgical practice.  Please don't call me here.  My father is at the VA hospital."  In response, Defendant hung up, then called Plaintiff back again over and over again.  Defendant restated the amount past due.  Plaintiff asked for the calls to her workplace and cell phone to stop and agreed to inform her father about the outstanding amount.  Defendant then hung up on her and called her back again within minutes.  On another occasion, Defendant called and asked Plaintiff about the location of the subject vehicle secured by the loan.  Defendant accused Plaintiff of having the car herself but Plaintiff again stated that she has her own car and does not need her father's car.  She again asked for the calls to stop.  Defendant then told Plaintiff that they were at her father's house now and were going to repossess the car.  Plaintiff replied as:  "Fine, do what you need to do."  Upon information and belief, Defendant did not repossess the vehicle that day and the statements regarding imminent repossession were false.

21.     Within one year prior to the filing of this action, Defendant placed telephone calls to Plaintiff without disclosing Defendant's identity.

22.     Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff.

25.     Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and constitute harassment of Plaintiff.

26.     Within one year prior to the filing of this action, Defendant regularly called Plaintiff multiple times over the course of one day for the purpose of collecting the alleged debt.  Within one year prior to the filing of this action, Defendant called Plaintiff no less than thirteen (13) times in the course of one day for the purpose of collecting the alleged debt.  Upon information and belief,

COMPLAINT FOR DAMAGES

Plaintiff informed Defendant that Plaintiff was not liable on the alleged debt before the day Defendant contacted Plaintiff no less than thirteen (13) times in the course of one day for the purpose of collecting the alleged debt.  On a separate day, within one year prior to the filing of this action, Defendant called Plaintiff no less than nine (9) times in the course of one day for the purpose of collecting the alleged debt.   Upon information and belief, Plaintiff informed Defendant that Plaintiff was unable to pay the alleged debt before the day Defendant contacted Plaintiff no less than nine (9) times in the course of one day for the purpose of collecting the alleged debt.

27.   Upon information and belief, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone calls repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff.

36.   Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

37.   Defendant's conduct as described in detail above amounted to a false, deceptive or misleading representation or means in connection with the collection of the alleged debt.

38.   Defendant's conduct as described in detail above amounted to a false, deceptive or misleading representation as to the character, amount or legal status of the alleged debt.

39.   Within one year prior to the filing of this action, Defendant threatened to take legal action that cannot be legally taken or that is not intended to be taken.

40.   Defendant's conduct as described in detail above amounted to a false representation or deceptive means to collect the alleged debt or to obtain information about Plaintiff.

41.   Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

COMPLAINT FOR DAMAGES

42.     Defendant's conduct as described in detail above amounted to an attempt to collect any amount not authorized by the agreement creating the debt or otherwise permitted by law.

43.     At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 (TCPA Regulations), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

44.     At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

## FIRST CAUSE OF ACTION
### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

48.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

49.     Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated CAL. CIV. CODE § 1788.10(e) by threatening to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law; and

(b)     Defendant violated CAL. CIV. CODE § 1788.11(a) by using obscene or profane language while collecting or attempting to collect a consumer debt; and

COMPLAINT FOR DAMAGES

(c)      Defendant violated CAL. CIV. CODE § 1788.11(b) by placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents; and

(d)      Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(e)      Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(f)      Defendant violated CAL. CIV. CODE § 1788.12(b) by communicating information regarding a consumer debt to any member of the debtor's family, other than the debtor's spouse of the parents or the guardians of the debtor who is either a minor or who resides in the same household with such parent or guardian, prior to obtaining a judgment against the debtor, except where the purpose of the communication is to located the debtor, or where the debtor or his attorney has consented in writing to such communication; and

(g)      Defendant violated CAL. CIV. CODE § 1788.13(a) by communicating with the debtor other than in the name either of the debt collector or the person on whose behalf the debt collector is acting; and

(h)      Defendant violated CAL. CIV. CODE § 1788.13(j) by making a false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; and

(i)      Defendant violated CAL. CIV. CODE § 1788.14(c) by communicating with a debtor, other than statements of account, after the debt collector was notified in writing that the debtor is represented by an attorney; and

COMPLAINT FOR DAMAGES

(j)      Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(2) by communicating with a consumer in connection with the collection of any debt when the debt collector knows the consumer is represented by an attorney with respect to such debt; and

(ii)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(b) by communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector; and

(iii)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(iv)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(v)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; and

(vi)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt; and

COMPLAINT FOR DAMAGES

(vii)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(2) by making a false representation of the character, amount or legal status of any debt; and

(viii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(4) by making a representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action; and

(ix)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken; and

(x)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(xi)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(xii)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51.   As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and costs and attorney fees.

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

**(Violation of the Telephone Consumer Protection Act,**

**47 U.S.C. § 227)**

52.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

53.     On no less than fourteen (14) occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

54.     On no less than fourteen (14) occasions, Defendant knowing and/or willfully violated the TCPA.

55.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

56.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Declaratory judgment that Defendant violated the RFDCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

COMPLAINT FOR DAMAGES

(b)    An injunction prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c)    Actual damages pursuant to CAL. CIV. CODE § 1788.30(a) and 47 U.S.C. § 227(b)(3)(B); and

(d)    As a result of Defendant's violation of the RFDCPA, Plaintiff is entitled to and requests statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(e)    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f)    As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g)    Costs and reasonable attorney fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(h)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i)    For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action

- 13 -

1

2

3 Dated: July 5, 2014

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPECTFULLY SUBMITTED,

MARTIN LAW GROUP


By: /s/ Agnes Martin_____
   Agnes Martin
   *Attorney for Plaintiff*

- 14 -

COMPLAINT FOR DAMAGES